**Shaun M. BERRY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 57A03–1011–CR–579.**

Court of Appeals of Indiana.

June 17, 2011.

Cara Schaefer Wieneke, Special Assistant to the State Public Defender, Wieneke Law Office, LLC, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

Shaun M. Berry appeals the trial court's imposition of a $100 public defender fee and $364 in court costs following his conviction for class A felony aiding in the manufacture of methamphetamine.[1] He argues that the trial court imposed the $100 public defender fee without making the statutorily required finding that he had the ability to pay it and failed to identify the statutory authorization for imposing $364 in court costs. We agree, and therefore reverse the trial court's imposition of the public defender fee and remand for a determination of Berry's ability to pay for his legal services and for clarification of the statutory authority for the $364 in court costs.

### Facts and Procedural History

Berry was charged with class A felony aiding in the manufacture of methamphetamine, class B felony possession of methamphetamine, class C felony possession of a controlled substance, and class D felony maintaining a common nuisance. At the initial hearing, the trial court found that Berry was indigent and appointed him a public defender. Berry pled guilty to class A felony aiding in the manufacture of methamphetamine in exchange for the dismissal of the remaining charges. The trial court sentenced him to thirty years, with twenty years suspended. The trial court also imposed a public defender fee of $100, court costs of $364, and restitution in the amount of $10,000. Berry appeals the imposition of the fee and court costs.

### Discussion and Decision

"[S]entencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion." *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind.Ct.App.2009). If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion. *Mathis v. State*, 776 N.E.2d 1283, 1289 (Ind.Ct.App.2002), *trans. denied* (2003). "A defendant's indigency does not shield him from all costs or fees related to his conviction." *Banks v. State*, 847 N.E.2d 1050, 1051 (Ind.Ct.App.2006), *trans. denied*.

### I. Public Defender Fee

The trial court failed to identify which statute it relied on to impose a public defender fee of $100. The State suggests that the trial court imposed the fee pursuant to Indiana Code Section 35–33–7–6, which provides in relevant part,

(a) Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial

1. Ind.Code § 35–48–4–1.1(b)(3)(B)(iii).

officer shall assign counsel to the person.

. . . .

(c) If the court finds that the person is *able to pay part* of the cost of representation by the assigned counsel, the court shall order the person to pay the following:

(1) For a felony action, a fee of one hundred dollars ($100).

(2) For a misdemeanor action, a fee of fifty dollars ($50).

The clerk of the court shall deposit fees collected under this subsection in the county's supplemental public defender services fund established under IC 33–40–3–1.

(d) The court may review the finding of indigency at any time during the proceedings.

(Emphasis added.)

The fact that Berry was found indigent at the initial hearing and the trial court ordered a fee of $100 leads us to agree with the State that the trial court imposed the public defender fee pursuant to Indiana Code Section 35–33–7–6.[2] The State concedes that the trial court did not determine whether Berry had the ability to pay the public defender fee and requests that we remand for the purpose of determining Berry's ability to pay the defender fee. We agree that the trial court was required to make a finding regarding Berry's ability to pay and accordingly remand to determine whether Berry is able to pay the $100 defender fee. *See Banks,*

847 N.E.2d at 1052 (observing that record lacked finding that defendant had ability to pay fees imposed and remanding with instructions that trial court reconsider public defender services fee in light of statutory limitations).

Neither *Whedon v. State,* 765 N.E.2d 1276 (Ind.2002) nor Indiana Code Section 33–37–2–3 supports the position that the issue is not ripe for review. In *Whedon,* the defendant appealed his sentencing order because it failed to expressly state that he would not be imprisoned for failing to pay the costs imposed. The *Whedon* court held that the rule prohibiting imprisonment as a sanction for nonpayment of fines applied to the nonpayment of costs as well. 765 N.E.2d at 1279. The *Whedon* court also held that the defendant's sentencing order was not required to contain an express statement prohibiting imprisonment for nonpayment of costs, thereby overruling its precedents declaring that sentencing orders had to include such a statement. *Id.* In reaching the latter holding, the *Whedon* court noted, "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise." *Id.*

That statement was quoted in *Rich v. State,* 890 N.E.2d 44 (Ind.Ct.App.2008), *trans. denied,* and *Kimbrough,* 911 N.E.2d 621. In each case, the court held that the defendant's argument that the trial court had erred in failing to hold an indigency

---

**2.** There are two other statutes that address the trial court's authority to order a defendant to pay all or part of the costs of counsel provided at public expense. The first statute, Indiana Code Section 33–37–2–3, we discuss in further detail later in this section.

The second statute, Indiana Code Section 33–40–3–6, provides that if "*at any stage of a prosecution* for a felony or a misdemeanor the

court makes a finding of ability to pay *the costs* of representation," the trial court shall assess against the person reasonable attorney's fees or costs incurred by the county as a result of court appointed legal services. (Emphases added.) Section 33–40–3–6 does not apply to Berry because he was ordered to pay only $100, not the entire costs of his publicly paid representation.

hearing before imposing costs was not ripe for review. In both cases the costs were imposed under Indiana Code Section 33–37–2–3 as a condition of probation. The courts concluded that because the defendants were not required to pay the costs until they were released from incarceration, an indigency hearing was not required until that time.[3] Although the cases cited *Whedon*, that case dealt specifically with *sanctions for failure to pay* costs and fines and was not concerned with the *imposition* of fees, costs, and fines.

*Rich* and *Kimbrough* mean that if the trial court suspends payment of costs until the executed portion of the sentence has been served, then it must hold an indigency hearing at the time the costs are due. They do not stand for the proposition that a trial court is required to defer assessment of costs until after release from incarceration. We also believe that the dicta in *Whedon* does not require that all fees, costs, and fines must be assessed after the defendant is released from incarceration.

Indiana Code Section 33–37–2–3, which provides the trial court with great flexibility in imposing costs, reads as follows:

(a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. *If the person is not indigent*, the court shall order the person to pay:

(1) the entire amount of the costs at the time sentence is pronounced;

(2) the entire amount of the costs at some later date; or

(3) specified parts of the costs at designated intervals.

(b) *A court may impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent. If the convicted person is not indigent,* the court shall order the convicted person to pay the costs:

(1) at the time the costs are due; or

(2) in a manner set forth in subsection (a)(2) through (a)(3).

. . . .

(e) If, after a hearing under subsection (a) or (b), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person. The clerk shall deposit the amount paid by a convicted person under this subsection in the county's supplemental public defender services fund established under IC 33–40–3–1.

(Emphases added.)

We make four observations regarding Section 33–37–2–3. First, it explicitly re-

---

**3.** In *Owens v. State*, 947 N.E.2d 482, 482–83 (Ind.Ct.App.2011), the trial court sentenced the defendant to an aggregate term of fifteen years, with four years suspended to probation, and ordered the defendant to pay $3,988.23 to reimburse the public defender as a condition of his probation. The Owens court held that the defendant's ability to pay was not ripe for review, relying on *Rich* and *Kimbrough*. *Id.* at 482–84. Although the *Owens* court quoted both Sections 35–33–7–6 and 33–37–2–3, it did not discuss the interplay between the stat-utes or indicate which statute it was actually applying. Given the amount that Owens was ordered to pay, it would appear that the trial court was not relying on Section 35–33–7–6. We think that by basing the decision on *Rich* and *Kimbrough*, the *Owens* court was implicitly applying Section 33–37–2–3. We observe that like *Rich* and *Kimbrough*, the defendant in Owens was ordered to pay the public defender fee after he had served the executed portion of his sentence, and accordingly the Owens court properly relied on those cases.

quires an indigency hearing. Second, although the indigency hearing required by Section 33–37–2–3(a) must be held after conviction, since it applies to a "convicted person," the statute does not otherwise dictate when the hearing is to be held. Third, Section 33–37–2–3(b) permits, *but does not require*, the trial court to suspend payment of costs until the convicted person completes all or part of the sentence and hold a hearing at that time. Fourth, Section 33–37–2–3(b) grants the trial court the option to suspend payment of costs until "part" of the sentence has been served or until "all" of the sentence has been served.

Here, we have found that Section 35–33–7–6 is applicable. We do not think that the determination of unripeness in *Kimbrough* and *Rich*, which was based on Section 33–37–2–3 can be reasonably extended to Section 35–33–7–6. Section 35–33–7–6 does not require an additional hearing, only a finding of ability to pay. Section 35–33–7–6 permits the trial court to assess the public defender fee at the initial hearing or indeed at any time during the proceedings when the trial court finds a defendant indigent and appoints a public defender. If *Kimbrough* and *Rich* required the assessment of all public defender fees and costs to be deferred until all sentences were served, the deprivation

of these monies would deleteriously impact the public defender fund.

To reiterate, we conclude that Berry's $100 public defender fee was imposed pursuant to Section 35–33–7–6, which requires a finding of ability to pay. We therefore remand for such a determination.

## II. Court Costs

■ As to the imposition of court costs, the trial court did not specify the statutory sources upon which it relied to calculate the amount of $364. The trial court likely relied on Indiana Code Section 33–37–4–1, which requires the trial court to impose costs regardless of whether the convicted person is indigent.[4] Indiana Code Section 33–37–4–1 provides,

(a) For each action that results in a felony conviction under IC 35–50–2 or a misdemeanor conviction under IC 35–50–3, the clerk shall collect from the defendant a criminal costs fee of one hundred twenty dollars ($120).

(b) In addition to the criminal costs fee collected under this section, the clerk shall collect from the defendant the following fees if they are required under IC 33–37–5.

The statute then lists nineteen types of fees that must be collected from a defendant if required by Indiana Code Chapter 33–37–5.[5]

---

4. Indiana Code Section 33–37–2–3(a) permits the trial court to impose costs but only if the defendant is not indigent. Because Berry was found indigent, this section is inapplicable.

5. The list includes the following:
   (1) A document fee (IC 33–37–5–1, IC 33–37–5–3, or IC 33–37–5–4).
   (2) A marijuana eradication program fee (IC 33–37–5–7).
   (3) An alcohol and drug services program user fee (IC 33–37–5–8(b)).
   (4) A law enforcement continuing education program fee (IC 33–37–5–8(c)).

(5) A drug abuse, prosecution, interdiction, and correction fee (IC 33–37–5–9).
(6) An alcohol and drug countermeasures fee (IC 33–37–5–10).
(7) A child abuse prevention fee (IC 33–37–5–12).
(8) A domestic violence prevention and treatment fee (IC 33–37–5–13).
(9) A highway work zone fee (IC 33–37–5–14).
(10) A deferred prosecution fee (IC 33–37–5–17).
(11) A document storage fee (IC 33–37–5–20).
(12) An automated record keeping fee (IC 33–37–5–21).
(13) A late payment fee (IC 33–37–5–22).

We observe that this issue is ripe for review. The fees under Section 33–37–4–1 are imposed by operation of law. Neither indigency nor ability to pay is relevant and a hearing is not required.

Berry acknowledges that because he pled guilty to a felony drug offense, the trial court was required to assess some fees under Indiana Code Section 33–37–4–1.[6] However, the trial court did not identify which of the fees required by Chapter 33–37–5 it was imposing. Therefore, on remand the trial court should identify the statutory sources that support its imposition of $364 in court costs. *See Banks,* 847 N.E.2d at 1052 (noting that trial court did not specify which subsection authorized $336 in costs it imposed and remanding for court to clarify statutory authority for fees it imposed).

Reversed and remanded.

NAJAM, J., and ROBB, C.J., concur.

(14) A sexual assault victims assistance fee (IC 33–37–5–23).

(15) A public defense administration fee (IC 33–37–5–21.2).

(16) A judicial insurance adjustment fee (IC 33–37–5–25).

(17) A judicial salaries fee (IC 33–37–5–26).

(18) A court administration fee (IC 33–37–5–27).

(19) A DNA sample processing fee (IC 33–37–5–26.2).

Ind.Code § 33–37–4–1(b).

6. The imposition of these fees is a separate issue from sanctions imposed for nonpayment. Such sanctions could only be imposed in the event of a determination of an ability to pay.