# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL B. ELISEO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A04-1307-CR-370 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1206-FD-46

**July 25, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Michael B. Eliseo appeals an order that he pay $300.00 for a supplemental public defender service fee and $166.00 in court costs. He asserts the trial court abused its discretion in imposing a public defender fee larger than $100.00 and erred in assessing the fee and costs without an explicit finding that he was able to pay. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 8, 2012, the State charged Eliseo with Class D felony theft,[1] Class D felony receiving stolen property,[2] Class D felony aiding, inducing, or causing theft,[3] and Class D felony conspiracy to commit theft.[4] Eliseo pled guilty to Class D felony receiving stolen property. The trial court sentenced Eliseo to three years, with all of the sentence suspended to probation except for nine months to be served in the Department of Correction. The trial court also ordered Eliseo pay a public defender fee of $300.00 and court costs of $166.00.

## DISCUSSION AND DECISION

1.      Assessing the Public Defender Fee and Court Costs

Eliseo asserts the trial court abused its discretion by imposing fees without first holding a hearing to determine Eliseo's ability to pay. Ind. Code § 33-37-2-3 states:

(a)      Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent . . .

(b)      A court may impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at

---

[1] Ind. Code § 35-43-4-2(a) (2012).
[2] Ind. Code § 35-43-4-2(b) (2012).
[3] Ind. Code § 35-41-2-4 (2012) (aiding, inducing or causing) and Ind. Code § 35-43-4-2(a) (2012) (theft).
[4] Ind. Code § 35-41-5-2 (2012) (conspiracy) and Ind. Code § 35-43-4-2(a) (2012) (conspiracy).

2

the time the costs are due to determine whether the convicted person is indigent.

The trial court ordered Eliseo to pay the public defender fees and court costs "*within 180 days* of [Eliseo's] release from incarceration." (App. at 70) (emphasis added). Therefore, in accordance with Ind. Code § 33-37-2-3(b), the trial court was not required to hold a hearing determining Eliseo's ability to pay the fees until Eliseo completes the executed portion of his sentence. *See Rich v. State*, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008) (hearing to determine ability to pay fees need not be held until executed portion of sentence is completed), *trans. denied*.

2.      Amount of Public Defender Fee

Eliseo argues the trial court abused its discretion when it imposed a public defender fee of more than $100.00. He cites Ind. Code § 35-33-7-6, which sets a $100.00 cap for the public defender fee following a felony conviction. But the trial court "can order reimbursement [of fees] under any [of the statutes] or a combination thereof." *Jackson v. State*, 968 N.E.2d 328, 333 (Ind. Ct. App. 2012). Two other statutes, Ind. Code § 33-40-3-6[5] and Ind. Code § 33-37-2-3[6] give the trial court discretion in determining the public defender fee imposed. As stated above, because the trial court ordered payment after incarceration, it

---

[5] Ind. Code § 33-40-3-6 states in relevant part: "If at any stage of a prosecution for a felony . . . the court makes a finding of ability to pay the costs of representation . . . the court shall require payment by the person [of] . . . [r]easonable attorney's fees if an attorney has been appointed for the person by the court."

[6] Ind. Code § 33-37-2-3 states in relevant part: "[T]he court shall order the person to pay: . . . (2) the entire amount of the costs at some later date[.]"

most likely relied on Ind. Code § 33-37-2-3 in determining the amount of the public defender fee, which does not have a cap on the amount. Thus, the trial court did not abuse its discretion by ordering Eliseo pay a public defender fee of $300.00. *See*, *e.g.*, *Kimbrough v. State*, 911 N.E.2d 621, 638 (Ind. Ct. App. 2009) (holding the requirement to pay a $500.00 public defender fee was not an abuse of discretion).

## CONCLUSION

The trial court did not abuse its discretion when it did not conduct a hearing on Eliseo's ability to pay fees because he was not required to pay until after he was released from incarceration. Also, the trial court did not abuse its discretion when it ordered him to pay a $300.00 public defender fee because the amount was within the statutory limit. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., concurs.

RILEY, J., concurs in result.

4

# IN THE
# COURT OF APPEALS OF INDIANA

_____

| | | |
|---|---|---|
| MICHAEL B. ELISEO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A04-1307-CR-370 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

_____

**RILEY, Judge, concurring in result**

I agree with the majority that, even though the trial court does not explicitly state the statutory basis upon which it relied for imposing fees, it is clear that the trial court ordered Eliseo to pay public defender fees and court costs pursuant to its authority under Indiana Code section 33-37-2-3(b). *See Berry v. State*, 950 N.E.2d 798, 800 (Ind. Ct. App. 2011). Because the court specifically found Eliseo to be indigent at the initial hearing and did not subsequently make any findings to the contrary, I write separately to emphasize that the trial court remains obligated to conduct a hearing on Eliseo's indigency "*at the time the costs are due*." Ind. Code § 33-37-2-3(b).

At the time the trial court conducts the indigency hearing, if it finds that Eliseo is still

indigent, the trial court may not compel Eliseo to pay the assessed fees as a condition of his probation. However, upon the trial court's finding that Eliseo is "able to pay part of the costs of representation, the court shall order [him] to pay an amount of not more than the cost of the defense services rendered on behalf of the person." I.C. § 33-37-2-3(e). Accordingly, contingent upon the trial court conducting a hearing when the fees are due and making a specific finding of Eliseo's ability to pay, I find no abuse of discretion in its imposition of public defender fees in the amount of $300 and court costs in the amount of $166.[7] *See Owens v. State*, 947 N.E.2d 482, (Ind. Ct. App. 2011) (noting issue of indigency not ripe for appellate review before defendant was required to pay), *trans. denied*.

---

[7] Although Eliseo unsuccessfully challenges the trial court's failure to specify the statutory basis for imposing a $300 public defender fee, he raises no similar argument regarding the trial court's imposition of $166 in court costs without specifying the statutory authority therefor. *See Berry*, 950 N.E.2d at 803 (requiring the trial court to "identify the statutory sources that support its imposition of $364 in court costs").