RILEY, Judge,
concurring in result.
I agree with the majority that, even though the trial court does not explicitly state the statutory basis upon which it relied for imposing fees, it is clear that the trial court ordered Elíseo to pay public defender fees and court costs pursuant to its authority under Indiana Code section 33-37-2-3(b). See Berry v. State, 950 N.E.2d 798, 800 (Ind.Ct.App.2011). Because the court specifically found Elíseo to be indigent at the initial hearing and did not subsequently make any findings to the contrary, I write separately to emphasize that the trial court remains obligated to conduct a hearing on Eliseo’s indigency “at the time the costs are due.” Ind.Code § 33-37-2-3(b).
*781 At the time the trial court conducts the indigency hearing, if it finds that Eliseo is still indigent, the trial court may not compel Eliseo to pay the assessed fees as a condition of his probation. However, upon the trial court’s finding that Eliseo is “able to pay part of the costs of representation, the court shall order [him] to pay an amount of not more than the cost of the defense services rendered on behalf of the person.” I.C. § 33-37-2-3(e). Accordingly, contingent upon the trial court conducting a hearing when the fees are due and making a specific finding of Eliseo’s ability to pay, I find no abuse of discretion in its imposition of public defender fees in the amount of $300 and court costs in the amount of $166.[7] See Owens v. State, 947 N.E.2d 482 (Ind.Ct.App.2011) (noting issue of indigency not ripe for appellate review before defendant was required to pay), tram, denied.

. Although Eliseo unsuccessfully challenges the trial court’s failure to specify the statutory basis for imposing a $300 public defender fee, he raises no similar argument regarding the trial court’s imposition of $166 in court costs without specifying the statutory authority therefor. See Berry, 950 N.E.2d at 803 (requiring the trial court to “identify the statutory sources that support its imposition of $364 in court costs”).