## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 09 2015, 8:41 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert E. Ellett, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 9, 2015 <br><br> Court of Appeals Case No. 49A02-1410-CR-706 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Clayton A. Graham, Judge <br><br> Trial Court Cause No. 49G17-1312-CM-78908 |

**Crone, Judge.**

# Case Summary

Robert E. Ellett appeals the trial court's sentencing order imposing fees, costs, and a fine totaling $338. Ellett contends that the trial court abused its discretion in imposing this amount without first conducting an indigency hearing regarding his ability to pay. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

On December 13, 2013, the State charged Ellett with class A misdemeanor battery and class A misdemeanor domestic battery. Thereafter, the trial court held an indigency hearing, found Ellett indigent, and appointed a public defender to represent him. The State subsequently amended the charging information to add a charge for class D felony criminal confinement. The case proceeded to a jury trial, and the jury found Ellett guilty as charged. During the sentencing hearing, Ellett discussed his stable financial situation due to his full-time job with Jiffy Lube earning $8.80 per hour, and the fact that the suspension of the entirety of his sentence to probation would allow him to maintain that job. The trial court noted that Ellett was able to and had already paid a $100 public defender recoupment fee. Tr. at 165. The trial court merged the two battery convictions and sentenced Ellett to an aggregate sentence of 545 days with 473 days suspended to probation, and seventy-two days of credit time for days already served. The trial court assessed court costs, fees, and a fine against Ellett in the aggregate amount of $338. Specifically, the court's order imposed the following:

| | |
|---|---|
| Adult Probation Monthly and Initial User Fees – CR | $97.00 |
| Automated Record Keeping Fee – CR | $7.00 |
| Court Administration Fee – CR | $5.00 |
| Court Costs – City and Town – CR | $3.60 |
| Court Costs – County – CR | $32.40 |
| Court Costs – State – CR | $84.00 |
| Criminal Court Fines | $20.00 |
| DNA Sample Processing Fee – CR | $2.00 |
| Document Storage Fee – CR | $2.00 |
| Domestic Violence Prevention Fee – CR | $50.00 |
| Indianapolis Metropolitan Police | $4.00 |
| Judicial Insurance Adjustment Fee – CR | $1.00 |
| Judicial Salary Fee – CR | $20.00 |
| Jury Fee – CR | $2.00 |
| Probation User Fee – Clerks 3% - CR | $3.00 |
| Public Defense Administration Fee – CR | $5.00 |
| Supplemental Public Defender Fee – CR | $100.00[1] |
| | Total: $338.00 |

Appellant's App. at 18.  These amounts were ordered to be paid "during the course of probation."  Tr. at 165.

[3] Private counsel entered an appearance on Ellett's behalf and filed a notice of appeal.  However, due to Ellett's failure to maintain contact with counsel and his alleged inability to pay for transcript fees and the costs of representation, counsel moved to withdraw his appearance.  This Court granted counsel's motion to withdraw and remanded the matter to the trial court to determine

---

[1] Although the $100 public defender fee remains listed in the trial court's order, as we stated above, the trial court determined during sentencing that Ellett had already paid this fee.  This amount is not included in the trial court's total calculation of $338, and Ellett does not appeal the imposition of this fee.

whether Ellett was entitled to pauper counsel for the purposes of appeal. On March 17, 2015, the trial court appointed pauper counsel and the Marion County Public Defender Agency perfected this appeal. We will provide additional facts where necessary.

## Discussion and Decision

[4] Sentencing decisions, including decisions to impose fines, costs, or fees, are generally left to the discretion of the trial court. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011). We will reverse only for an abuse of discretion—that is to say, if the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). "A defendant's indigency does not shield him from all costs or fees related to his conviction." *Berry*, 950 N.E.2d at 799 (quoting *Banks v. State*, 847 N.E.2d 1050, 1051 (Ind. Ct. App. 2006), *trans. denied*.). Indeed, a trial court does not abuse its discretion if the fees imposed fall within the parameters provided by statute. *Id*. Although Ellett challenges only the aggregate amount that the trial court imposed, we will address each type of fee, cost, or fine separately, as the law differs with regard to each.

## Section 1 – The trial court did not abuse its discretion in imposing statutory costs and fees.

[5] In its written sentencing order imposing fees and costs, the trial court relied on Indiana Code Sections 33-37-4-1 and 33-37-5-19. Indiana Code Section 33-37-

4-1 specifically requires the trial court to impose certain court costs regardless of whether the convicted person is indigent. *Id.* at 802. Indiana Code Section 33-37-4-1(a) mandates a trial court to impose a "criminal costs fee" of $120 when a defendant is convicted of a felony or a misdemeanor. In addition, subsection (b) of that statute mandates the imposition of nineteen additional fees as required by Indiana Code chapter 33-37-5, including several that were imposed by the trial court here, such as an automated record keeping fee, a court administration fee, a DNA sample processing fee, a document storage fee, a domestic violence prevention fee, a law enforcement continuing education program fee,[2] a judicial insurance adjustment fee, a judicial salary fee, and a public defense administration fee. *See* Ind. Code § 33-37-4-1(b). Similarly, Indiana Code Section 33-37-5-19 mandates the collection of a "jury fee" of $2 in each action in which a defendant is found to have committed a crime. Because all of these fees are mandated by statute, they are imposed by operation of law, and "neither indigency nor ability to pay is relevant and a hearing is not required." *Berry*, 950 N.E.2d at 803.

[6]     Here, the trial court properly provided the statutory authority for the court costs imposed and listed and identified each of the applicable fees. *See id.* (requiring trial court to specify statutory sources for fees imposed upon a defendant). Therefore, we conclude that the trial court did not abuse its discretion in

---

[2] We note that the trial court lists a $4 fee for the "Indianapolis Metropolitan Police." Appellant's App. at 18. We will presume by the label that this fee is a law enforcement continuing education program fee as neither Ellett nor the State discusses this fee or informs us otherwise.

imposing these statutory fees and costs at the time of sentencing without first holding an indigency hearing. This comes with the caveat, however, that the imposition of these court costs is a separate issue from the sanctions imposed for nonpayment. "Such sanctions could only be imposed in the event of a determination of an ability to pay." *Id*. at 803 n.6; *see Whedon v. State*, 765 N.E.2d 1276, 1278-79 (Ind. 2002) (holding that "when fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs").

## Section 2 – The trial court did not abuse its discretion in imposing probation fees.

[7] We next address the trial court's imposition of probation user fees. Specifically, the trial court ordered that Ellett "be placed on a sliding fee scale or a reduced fee schedule" for $100 of probation fees. Tr. at 165. Ellett correctly points out that Indiana Code Section 33-37-2-3 states in relevant part that "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." However, we have recognized that this statute "provides the trial court with great flexibility in imposing costs." *Berry*, 950 N.E.2d at 801. Indeed, a panel of this Court recently held that a trial court may, within its discretion, delay holding an indigency hearing regarding the payment of probation fees until a defendant completes his sentence. *Johnson v. State*, 27 N.E.3d 793, 795 (Ind. Ct. App. 2015). We noted that although Indiana Code Section 33-37-2-3 provides that a trial court that imposes costs on a defendant is

required to conduct an indigency hearing, the statute does not otherwise dictate when the hearing is to be held. *Id.*

[8] Thus, while we acknowledged that a trial court has a duty pursuant to Indiana Code Section 33-37-2-3 to conduct an indigency hearing at some point in time, we concluded that a trial court is within its discretion to wait and see if a defendant can pay probation fees before it finds the defendant indigent. *See id.* (citing Indiana Code chapter 35-38-2 which contains no language requiring the trial court to conduct an indigency hearing before or directly after ordering probation fees). The trial court here indicated such a desire to wait and see if Ellett could handle the probation fees by imposing them "on a sliding fee scale." Tr. at 165. Accordingly, we cannot say that the trial court abused its discretion in imposing probation fees at the time of sentencing without first holding an indigency hearing. As with the imposition of statutory costs, this comes with the caveat that the trial court does have a duty to conduct a hearing before imposing any sanctions upon Ellett for failure to pay. *See Whedon*, 765 N.E.2d at 1278-79.

## Section 3 – The trial court did not abuse its discretion in assessing a fine.

[9] Finally, we address the trial court's assessment of a $20 fine. Indiana Code Section 35-38-1-18(a) states in relevant part that "whenever the court imposes a fine, it shall conduct a hearing to determine whether the convicted person is indigent." Similar to the language of Indiana Code Section 33-37-2-3(a) considered above, the statutory language regarding the imposition of fines

requires an indigency hearing but does not dictate when that hearing must be held. Therefore, a trial court could arguably, within its discretion, delay holding an indigency hearing regarding the payment of a fine until the defendant completes his sentence. While it may have been more prudent for the trial court here to hold an indigency hearing prior to the imposition of this albeit minimal fine, we decline to find an abuse of discretion. Again, we remind the trial court that Ellett may not be sanctioned or imprisoned for failure to pay this fine. *See Whedon*, 765 N.E.2d at 1278-79. The trial court's sentencing order is affirmed.

[10]     Affirmed.

May, J., and Bradford, J., concur.