## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 19 2016, 8:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sherease Holmes,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

May 19, 2016

Court of Appeals Case No.
49A04-1509-CR-1422

Appeal from the Marion
Superior Court

The Honorable Amy M. Jones,
Judge

Trial Court Cause No.
49F08-1405-CM-25437

**Brown, Judge.**

[1] Sherease Holmes appeals the trial court's order requiring her to pay restitution and court costs in connection with her conviction for theft as a class A misdemeanor. Holmes raises two issues, which we revise and restate as whether the court abused its discretion in ordering her to pay restitution and court costs. We affirm and remand.

## Facts and Procedural History

[2] On May 6, 2014, Holmes entered a fitting room of a department store in Indianapolis carrying a number of items of clothing and later exited the room carrying fewer items. As soon as Holmes exited the fitting room, a loss prevention officer inspected the room, observed it was empty, and then looked in all of the fitting rooms and the return rack and noted that none of the items Holmes had taken into the fitting room were present. Another loss prevention officer believed that Holmes's clothes appeared to fit differently after she exited the fitting room than before she had entered. Holmes continued to hold the items she was carrying when she exited the fitting room, selected two children's items from the sales floor, and then went to a cashier. She purchased the children's items and handed the other items she had been carrying to the cashier. A loss prevention officer observed her from the time she left the fitting room until she left the store. As Holmes approached the door, loss prevention officers asked her to stop and return to the store, and she pushed past them, exited the building, walked quickly to and entered a vehicle, and left the parking lot. A loss prevention officer obtained the license plate number and description of the vehicle Holmes had entered, and the police were contacted.

[3] On June 3, 2014, the State charged Holmes with theft as a class A misdemeanor.[1] On August 26, 2015, following a bench trial, she was found guilty of theft as a class A misdemeanor.[2] Holmes's counsel asked to schedule a sentencing date so that counsel could obtain proof of Holmes's employment, and to consider giving her community service work instead of jail time. The court stated that Holmes could testify as to her employment and that it did not need a letter from her employer stating the number of hours she works.

[4] Holmes's counsel called Holmes as a witness and Holmes testified that she was working as a pharmacy technician and had been for three years. When asked "[a]nd what is your work schedule like," Holmes replied "I work Monday through Saturday, every other weekend, 12 hour shifts." Transcript at 64. Holmes testified that she had four children, that they lived with her and she cared for them, that she did not have any criminal history besides traffic-related offenses, and that she was willing to do community service.

[5] The State requested restitution in the amount of $150 for items not recovered and sixty hours of community service. The court sentenced Holmes to 365 days, all suspended, and ordered that she complete sixty hours of community

---

[1] We observe that the information filed by the State, in the caption portion of the filing, states "Theft" but then references Ind. Code § 35-43-4-3, which is the statute for conversion. Appellant's Appendix at 14. We note that the language of the allegations set forth in the body of the information follows the language of the statute for theft as a class A misdemeanor found at Ind. Code § 35-43-4-2.

[2] The court verbally stated that it found Homes guilty of theft as a class A misdemeanor. While the court's sentencing order and entries in the chronological case summary ("CCS") refer to the offense of conversion, Holmes was charged with theft as a class A misdemeanor and the court found her guilty of that offense.

service. The court further ordered Holmes to pay restitution in the amount of $150 to the department store and court costs in the amount of $183.[3] A compliance hearing was scheduled for November 30, 2015, and the court stated that pauper counsel would be appointed for purposes of appeal.

## *Discussion*

[6] The issue is whether the trial court abused its discretion in ordering Holmes to pay restitution and court costs. Sentencing decisions, including decisions to impose restitution and costs, are generally left to the trial court's discretion. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011). If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion. *Id.*

### A. *Restitution*

[7] Holmes argues that her sentence was suspended to probation and that the court abused its discretion in failing to inquire into her ability to pay before ordering restitution and in failing to fix the manner of performance under Ind. Code § 35-38-2-2.3(a). The State concedes that the court did not fix the manner of payment under Ind. Code § 35-38-2-2.3(a) and also notes that the court's written order does not indicate that it imposed restitution. The State contends,

---

[3] A CCS entry indicates that the court ordered Holmes to pay court costs of $183 and judgment/restitution of $150. However, the court's written sentencing order, under the heading for monetary obligations, lists court costs of $383, and the section under the heading for restitution is not completed. Another entry in the CCS states "Restitution Agreement and Order Issued," but this document is not included in the record. Appellant's Appendix at 10.

however, that remand is required only for the purpose of fixing the manner of performance and correcting the discrepancy between the transcript and the order. It argues that Holmes testified as to her employment, that based on her testimony the court could reasonably conclude she could pay the modest sum of $150, and that the court does not need to inquire a second time.

[8] Ind. Code § 35-50-5-3(a) provides in part that "[i]n addition to any sentence imposed . . . the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime . . . ." When restitution is ordered as a condition of probation or a suspended sentence, the trial court must inquire into the defendant's ability to pay in order to prevent indigent defendants from being imprisoned because of their inability to pay.[4] *Pearson v. State*, 883 N.E.2d 770, 773 (Ind. 2008), *reh'g denied*.

[9] Also, Ind. Code § 35-38-2-2.3(a) provides in part that, "[w]hen restitution . . . is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." "The statute sets forth no particular procedure the trial court must follow in determining the defendant's ability to pay, but we have consistently recognized that some form of inquiry is required." *Kays v. State*,

---

[4] When restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required, and in such a situation restitution is merely a money judgment and a defendant cannot be imprisoned for non-payment. *Pearson v. State*, 883 N.E.2d 770, 773 (Ind. 2008), *reh'g denied*.

963 N.E.2d 507, 509 (Ind. 2012). *See also Champlain v. State*, 717 N.E.2d 567, 570 (Ind. 1999) (holding that "[i]n order to impose restitution, the trial court must consider the defendant's ability to pay which includes such factors as the defendant's financial information, health, and employment history" and noting the trial court examined the defendant's assets, employment history, and salary).

[10] In this case, to the extent the trial court ordered restitution as a condition of Holmes's suspended sentence, we observe that Holmes does not challenge the amount of restitution of $150 she was ordered to pay or expressly argue that she does not have the ability to pay. *See Pearson*, 883 N.E.2d at 773-774 (holding that, because Pearson did not challenge the amount of restitution or his ability to pay, there was no need to remand to the trial court).

[11] We also observe that, while the court made no express finding regarding Holmes's ability to pay, there is no particular procedure for determining a defendant's ability to pay, and Holmes testified that she works as a pharmacy technician and had been doing that type of work for three years. When asked what her work schedule was like, Holmes replied "I work Monday through Saturday, every other weekend, 12 hour shifts." Transcript at 64. We find that, under the circumstances, Holmes's testimony shows that she had the ability to pay restitution in the amount of $150, and we affirm this part of the trial court's order.

[12] However, the trial court did not fix the manner of performance as required by Ind. Code § 35-38-2-2.3(a), and the court's written sentencing order, under the heading for "Restitution," is not completed. Appellant's Appendix at 12. Accordingly, we remand for the trial court to enter an amended sentencing order reflecting the amount of restitution ordered and fixing the manner of performance.

B. *Costs*

[13] Holmes further argues that the court failed to conduct a hearing to determine if she was indigent for purposes of paying costs and cites Ind. Code § 33-37-2-3. She also notes that the court's assessed costs include a public defender fee. The State asserts that Ind. Code § 33-37-4-1 requires a trial court to impose costs on a criminal defendant and that the defendant's ability to pay is not relevant. The State acknowledges that the court verbally stated it would show court costs of $183, but the written sentencing order imposed $383 in costs, and that remand is required for the purpose of correcting the discrepancy.

[14] Ind. Code § 33-37-4-1 sets forth the costs the court shall collect from defendants by operation of law. A defendant's indigency does not shield him from all costs related to his conviction. *Berry*, 950 N.E.2d at 799. The Indiana Supreme Court has noted that the Indiana legislature requires indigency hearings as to the imposition of fines and costs, *see* Ind. Code § 33-37-2-3(a) (providing "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent"); Ind. Code § 35-38-1-18 (same for court-imposed

fines), and the Court has held that that, "when fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs." *Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002). *See also Henderson v. State*, 44 N.E.3d 811, 815 (Ind. Ct. App. 2015) ("Importantly, trial courts have the authority to assess fines against an indigent defendant; however, the indigent defendant may not be imprisoned for failure to pay those fines or costs."); *Berry*, 950 N.E.2d at 803 n.6 (noting the imposition of costs is an issue separate from the sanctions imposed for nonpayment and that sanctions "could only be imposed in the event of a determination of an ability to pay").

[15] While the trial court here did not hold a separate hearing to determine whether Holmes was indigent for purposes of paying court costs and stated that pauper counsel would be appointed for purposes of appeal, as discussed above Holmes testified as to her employment and work schedule, and we find that this satisfies the hearing requirement under Ind. Code § 33-37-2-3 related to her ability to pay costs. We affirm the trial court's order that she pay court costs.

[16] However, we also note that the court verbally stated at sentencing that it would show court costs of $183 and an entry in the CCS indicates the court imposed costs in that amount, whereas the court's written sentencing order, under the heading for monetary obligations, lists court costs of $383. We remand for the

entry of an amended sentencing order to clarify the amount Holmes is required to pay in costs.[5]

### *Conclusion*

[17] For the foregoing reasons, we remand to the trial court for an amended sentencing order reflecting the amount of restitution ordered and fixing the manner of performance, and clarifying the amount Holmes is required to pay in costs. We otherwise affirm the court's orders regarding restitution and costs.

[18] Affirmed and remanded.

Baker, J., and May, J., concur.

---

[5] We also observe that, in its breakdown of the imposed court costs of $383, the court's written order lists, among other amounts, "Non-Interest Bearing Principal" of $150, a supplemental public defender fee of $50, and a public defense administration fee of $5. Appellant's Appendix at 12. If a court finds a person is able to pay, it may order the person to pay a public defender fee or reasonable attorney fees. *See Berry*, 950 N.E.2d at 800-802 (citing Ind. Code § 35-33-7-6; Ind. Code § 33-40-3-6). The testimony of Holmes as set forth above shows she had the ability to pay the public defender fee imposed. *See* Ind. Code § 35-33-7-6 (providing in part that, if the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay . . . [f]or a misdemeanor action, a fee of fifty dollars ($50)"). Nevertheless, due to the discrepancy as discussed above, we remand for the court to clarify the court costs and any public defender fee it orders Holmes to pay.