# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2019, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronny Bradley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 27, 2019

Court of Appeals Case No.
18A-CR-2926

Appeal from the Marion Superior Court

The Honorable Alicia A. Gooden, Judge

The Honorable Richard Hagenmaier, Commissioner

Trial Court Cause No.
49G21-1806-F6-19457

**Crone, Judge.**

# Case Summary

[1] Ronny Bradley appeals his eight-and-one-half-year sentence imposed by the trial court following his convictions for level 6 felony possession of cocaine and class B misdemeanor possession of marijuana and his adjudication as a habitual offender. Bradley contends that his sentence is inappropriate in light of the nature of the offenses and his character. Bradley also argues that the trial court abused its discretion when it imposed a $100 public defender fee without determining his ability to pay. We affirm his sentence but reverse and remand the fee order with instructions to determine Bradley's ability to pay the fee.

# Facts and Procedural History[1]

[2] The facts most favorable to the jury's verdict are as follows. On June 13, 2018, Indianapolis Metropolitan Police Department Officer Michael Sojka was on patrol when he observed a car stopped on a street in a lane of traffic. After Officer Sojka pulled behind the car, the driver began driving and turned down an alley without signaling. Officer Sojka activated his lights and initiated a traffic stop. He observed a female in the driver's seat and Bradley in the passenger seat. As Officer Sojka was getting out of his car, he could hear Bradley and the female driver yelling at each other, and he observed Bradley reaching down with his hands toward the floorboard and being "very animated" with his arms and body. Tr. Vol. 2 at 36. Bradley refused to comply

---

[1] Bradley fails to set forth the facts in his appellant's brief in accordance with the applicable standard of review as required by Indiana Appellate Rule 46(A)(6)(b).

with the officer's commands to place his hands outside the passenger window and instead kept "bringing his right hand back inside" and was "fumbling inside the vehicle, doing something in his lap." *Id.* at 39, 72. Officer Sojka removed Bradley from the car and conducted a search of the car. On the passenger side, Officer Sojka located two bags of a "white rock substance" that was later confirmed to be 3.66 grams of cocaine. *Id.* at 41; State's Ex. 29. On the passenger-side floorboard, Officer Sojka found a crack pipe, an eyeglass case containing drug paraphernalia, and a small baggie with pills that were later confirmed to contain fentanyl. Tr. Vol. 2 at 45. A handgun was located under the passenger seat. Bradley admitted to Officer Sojka that he and the driver had gone together to buy cocaine and that he had been using the drug paraphernalia and the crack pipe. Officer Sojka placed Bradley inside his patrol car, smelled an odor of marijuana, and asked Bradley if he had any marijuana on him. Bradley opened his mouth, and Officer Sojka saw a white wrapper with "green leafy substances" sticking out of it. *Id.* at 48. Before taking Bradley into custody, another officer searched his person and found a bag of marijuana.

[3] The State charged Bradley with level 4 felony unlawful possession of a firearm by a serious violent felon, level 5 felony possession of a narcotic drug, level 5 felony possession of cocaine, class B misdemeanor possession of marijuana, class C misdemeanor possession of paraphernalia, and with being a habitual offender. At the initial hearing, the trial court appointed Bradley a public defender and imposed a $100 public defender fee. Following a trial, the jury found Bradley not guilty of level 4 felony unlawful possession of a firearm by a

serious violent felon, level 5 felony possession of a narcotic drug, and class C misdemeanor possession of paraphernalia and found him guilty of level 6 felony possession of cocaine and class B misdemeanor possession of marijuana. The trial court adjudicated Bradley a habitual offender. The trial court sentenced Bradley to two and one-half years for the felony, enhanced by six years for the habitual offender finding, and to a concurrent 180-day term for the misdemeanor for a total of eight and one-half years executed. This appeal ensued.

## Discussion and Decision

## Section 1 – Bradley has failed to establish that his sentence is inappropriate in light of the nature of the offenses and his character.

[4] Bradley requests that we revise his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we] find that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Sentence review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The principal role of appellate review is to

attempt to "leaven the outliers[.]" *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley,* 972 N.E.2d at 876. Bradley bears the burden of persuading us that his sentence is inappropriate. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

[5] In considering the nature of Bradley's offenses, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Id.* The sentencing range for a level 6 felony is between six months and two and one-half years, with a one-year advisory term. Ind. Code § 35-50-2-7(b). The maximum sentence for a class B misdemeanor is 180 days of imprisonment. Ind. Code § 35-50-3-3. A habitual offender enhancement carries an additional fixed term between two years and six years if the person is convicted of a level 6 felony. Ind. Code § 35-50-2-8(i).

[6] Bradley contends that the nature of the offenses did not warrant the sentence he received because his offenses were "non-violent, drug offenses that stem from an addiction." Appellant's Br. at 16. "One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Williams v. State*, 51 N.E.3d 1205, 1211 (Ind. Ct. App. 2016). "The nature of the offense is found in the details and circumstances surrounding the offense and the defendant's participation therein." *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App.

2018), *trans. denied* (2019). Although Bradley's offenses are not particularly egregious, he repeatedly disobeyed the officers' commands to show his hands and attempted to conceal the marijuana.

[7] As for Bradley's character, he acknowledges that he has a significant criminal history, but blames his lengthy criminal history on his addiction to drugs. "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). During his adult life, the fifty-four-year-old Bradley has been arrested twenty-five times, resulting in ten misdemeanor and nine felony convictions ranging from dealing and possession of marijuana, possession of cocaine and narcotics, unlawful possession of a firearm by a serious violent felon, battery, and resisting law enforcement. Bradley claims he now recognizes that he has an addiction problem and is less likely to reoffend because of his age. However, his age has not slowed down his criminal activity. He committed his most recent offense just a few months before he committed the current offenses. Bradley's extensive criminal history does not support a sentence reduction.

[8] Moreover, Bradley's many contacts with the law have not caused him to reform his behavior. He argues that "a lengthy prison sentence does not further his goal of effectively addressing and resolving the underlying cause for his convictions." Appellant's Br. at 16. The record indicates that Bradley has received help in the past for his mental illness and drug addiction, but he

stopped taking his prescribed medication and self-medicated with illicit drugs. Moreover, Bradley has been granted the leniency of probation and community corrections but has violated both thirty times, which reflects extremely poorly on his character. In sum, Bradley has not persuaded us that his sentence is inappropriate in light of the nature of the offenses or his character. Accordingly, we affirm it.

## Section 2 – The trial court abused its discretion in imposing the public defender fee.

[9] Bradley also claims that the trial court erred in imposing a $100 public defender fee without first determining his ability to pay. "[S]entencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion." *Berry v. State,* 950 N.E.2d 798, 799 (Ind. Ct. App. 2011). If the fees imposed by the trial court fall within statutory parameters, we will not find an abuse of discretion. *Langdon v. State*, 71 N.E.3d 1162, 1164 (Ind. Ct. App. 2017). "A defendant's indigency does not shield him from all costs or fees related to his conviction." *Berry*, 950 N.E.2d at 799.

[10] Here, Bradley suggests, and the State agrees, that the trial court imposed the public defender fee pursuant to Indiana Code Section 35-33-7-6, which provides in relevant part,

> (a) Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel to the person.

....

(c) If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:

(1) For a felony action, a fee of one hundred dollars ($100).

....

(d) The court may review the finding of indigency at any time during the proceedings.

The statute acknowledges that there can be "degrees of indigency" and that "one may be indigent for purposes of paying private counsel thousands of dollars for representation, but still be able to pay a nominal amount to partially reimburse the costs of his appointed counsel." *Wooden v. State*, 757 N.E.2d 212, 281 n.4 (Ind. Ct. App. 2001), *trans. denied* (2002).

[11] On appeal, Bradley contends that "nothing in the record supports that the trial court inquired into [his] ability to pay part of the costs of representation before imposing the fee." Appellant's Br. at 18. Before Bradley's initial hearing, he completed a Request for Appointment of Public Defender form in which he affirmed under penalty of perjury that he was not homeless, supported only himself, was not employed, and did not own his own home.[2] Appellant's App.

---

[2] During his sentencing hearing and in his presentence investigation report, Bradley indicated that he receives monthly disability benefits of $730 to $750. Tr. Vol. 2 at 154; Appellant's App. Vol. 2 at 151.

Vol. 2 at 43. Based on the information that Bradley provided, the trial court appointed Bradley a public defender and ordered him to pay a $100 public defender fee. Appellant's App. Vol. 2 at 41-42; Supp. Tr. Vol. 2 at 7-8.

[12] Our courts have interpreted Indiana Code Section 35-33-7-6 to require that the trial court make a finding regarding a defendant's ability to pay. *See Banks v. State*, 847 N.E.2d 1050, 1052 (Ind. Ct. App. 2006) ("Under Ind. Code § 35-33-7-6 …, a court must explicitly find a defendant can pay the fees imposed."), *trans. denied*; *see also Berry*, 950 N.E.2d at 800 (concluding that $100 public defender fee was imposed under Ind. Code § 35-33-7-6, which requires a finding by the trial court to determine the defendant's ability to pay). Because the trial court in this case did not make such a finding, we reverse and remand to the trial court to determine Bradley's ability to pay the $100 public defender fee as part of the costs of representation. "Section 35-33-7-6 does not require an additional hearing, only a finding of ability to pay." *Berry*, 950 N.E.2d at 802. Thus, in making its determination, the trial court on remand may, but is not required to, hold a hearing.

[13] Affirmed in part and reversed and remanded in part.

Baker, J., and Kirsch, J., concur.