## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2019, 5:41 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Daniel Hageman
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacqueline Dejournett,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 31, 2019<br><br>Court of Appeals Case No.<br>19A-CR-63<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy M. Jones, Judge<br><br>Trial Court Cause No.<br>49G08-1803-CM-7238 |

**Mathias, Judge.**

[1]   Jacqueline Dejournett ("Dejournett") was convicted in Marion Superior Court of Class A misdemeanor operating a vehicle with an alcohol concentration

equivalent to 0.15 or more. She was ordered to serve 365 days in the county jail with 357 days suspended to probation and pay $340.00 in probation fees. Dejournett appeals and argues that the trial court abused its discretion when it ordered her to pay probation fees without conducting an indigency hearing.

We affirm.

## Facts and Procedural History

On February 20, 2018, at approximately 7:00 p.m., Indianapolis Metropolitan Police Department Officer Cooper Dinges ("Officer Dinges") responded to a report of an intoxicated driver near the intersection of English and Southeastern Avenues. In a parking lot near that intersection, the officer observed a black vehicle without a license plate circling the lot. Officer Dinges activated his emergency lights, shined his spotlight on the vehicle, and it came to a stop.

Dejournett was the driver and sole occupant of the vehicle. Officer Dinges smelled alcohol and saw numerous beer cans inside the vehicle. He also noted that Dejournett's speech was slurred.

Officer Adam Jones ("Officer Jones") arrived on the scene shortly thereafter to conduct sobriety tests on Dejournett. Officer Jones observed the smell of alcohol, Dejournett's bloodshot eyes, and slurred speech. He then administered a horizontal gaze nystagmus field sobriety test during which Dejournett displayed all six signs of intoxication. After Dejournett refused a chemical test, Officer Jones obtained a search warrant, and Dejournett was transported to Eskenazi Hospital for a blood draw. The results indicated that her whole blood

ethyl alcohol concentration was in the range of .198 to .237% gram of alcohol per 100 milliliters of her blood.

On December 12, 2018, Dejournett was convicted in a bench trial of Class A misdemeanor operating a vehicle with an alcohol concentration equivalent to .15 or more. During the sentencing hearing, Dejournett informed the court that she relied on her fiancé for financial support and had filed a disability claim. The trial court ordered Dejournett to serve 365 days at the county jail with 357 days suspended to probation.

The trial court further ordered Dejournett to undergo a substance abuse evaluation and treatment with random drug and alcohol testing. The court imposed a $200.00 countermeasure fee, a $400.00 alcohol drug services fee, and a $340.00 fee for the costs of probation and drug and alcohol tests. The trial court found Dejournett indigent for the purposes of court costs.

Dejournett now appeals.[1]

---

[1] As the apparent result of a probation violation, on April 4, 2019, Dejournett and the State entered into an agreement, which was approved by the trial court, modifying her sentence to be served in the Behavioral Health Alternative Court program. Appellant's App. p. 7. Dejournett agreed to serve a minimum of twelve months in the program and to abide by its rules and conditions. *Id.* at 91–95. The trial court lacked jurisdiction to approve the agreement as our court obtained jurisdiction over this case on January 17, 2019. Therefore, the agreement is arguably void. However, neither party has addressed the enforceability of the agreement in this appeal, and the placement modification does not change the outcome here.

# Discussion and Decision

[9] Dejournett argues that the trial court abused its discretion when it ordered her to pay the "maximum amount of probation fees" but failed to conduct an indigency hearing. Appellant's Br. at 7. "'Sentencing decisions include decisions to impose fees and costs,' and a trial court's sentencing decision is reviewed for abuse of discretion." *De La Cruz v. State*, 80 N.E.3d 210, 213 (Ind. Ct. App. 2017) (quoting *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016)). An abuse of discretion occurs when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[10] A trial court may order a person convicted of a misdemeanor to pay costs. *See* Ind. Code § 35-38-2-1. If a trial court imposes costs or fines as a condition of probation, the court is statutorily required to conduct an indigency hearing. *See* Ind. Code § 33-37-2-3(a) (costs); Ind. Code § 35-38-1-18(a) (fines). Although the hearing must be conducted after a judgment of conviction, *see id.*, the relevant statutes do not otherwise dictate when the hearing is to be held, *see Berry v. State*, 950 N.E.2d 798, 802 (Ind. Ct. App. 2011). Accordingly, unless the State files a petition to revoke a defendant's probation for nonpayment of fines, costs, or fees, the trial court is free to postpone the hearing until the completion of the defendant's sentence. *See Johnson v. State*, 27 N.E.3d 793, 795 & n.1 (Ind. Ct. App. 2015) ("A trial court acts within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent.").

Moreover, "[a] defendant's indigency does not shield [her] from all costs or fees related to [her] conviction." *Banks v. State*, 847 N.E.2d 1050, 1051 (Ind. Ct. App. 2006), *trans. denied*. An indigency determination merely prevents the defendant from being imprisoned for her inability to pay. *Henderson v. State*, 44 N.E.3d 811, 815 (Ind. Ct. App. 2015) (emphasizing that "the trial court may in its discretion fine [the defendant] whether or not he is found to be indigent"); *see also Berry*, 950 N.E.2d at 803 n.6 (noting the imposition of costs is an issue separate from the sanctions imposed for nonpayment).

For these reasons, we conclude that Dejournett is mistaken.

> Notwithstanding the indigency hearing requirement contained in Indiana Code sections 33-37-2-3(a) and 35-38-1-18(a), a trial court has the authority to assess fines, costs, and fees against an indigent defendant; "indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other[.]"

*Meunier-Short v. State*, 52 N.E.3d 927, 931 (Ind. Ct. App. 2016) (quoting *Williams v. Illinois*, 399 U.S. 235, 244 (1970)).

Affirmed.

May, J., and Brown, J., concur.