

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darren D. Langdon,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 10, 2017<br><br>Court of Appeals Case No.<br>49A02-1606-CR-1470<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable David J. Certo,<br>Judge<br><br>Trial Court Cause No.<br>49G12-1508-CM-30166 |

**Pyle, Judge.**

## Statement of the Case

[1]     During Darren Langdon's ("Langdon") initial hearing, the trial court ordered

him to pay a $50.00 supplemental public defender fee.  Following the

sentencing hearing, the trial court ordered Langdon to pay a second $50.00

supplemental public defender fee. Langdon claims that the trial court lacked statutory authority to impose the second fee. We agree and reverse the trial court's imposition of the second fee.

We reverse and remand for the issuance of an amended sentencing order.

## Issue

The sole issue for our review is whether the trial court abused its discretion when it imposed the second $50.00 supplemental public defender fee following the sentencing hearing.

## Facts

In August 2015, the State charged Langdon with Class A misdemeanor battery resulting in bodily injury[1] after he was involved in a physical altercation with his supervisor. At Langdon's initial hearing, the trial court found him to be indigent and appointed a public defender to represent him. The trial court also imposed a $50.00 public defender fee, which Langdon paid the following day. Langdon also posted a $150.00 cash bond.

The trial court convicted Langdon as charged following a May 2016 bench trial and sentenced him to time served following a June 2016 sentencing hearing. Also at the sentencing hearing, the trial court suspended Langdon's $185.00 court costs, found him to be indigent, and appointed a public defender should he decide to pursue an appeal. In a Marion County sentencing order form

---

[1] IND. CODE § 35-42-2-1.

issued three days later, the trial court ordered Langdon to pay a second $50.00 supplemental public defender fee. The sentencing order form cited INDIANA CODE §§ 33-37-4-1, -4 and 33-37-5-19 as authority for the imposition of this second fee. Langdon now appeals the imposition of this fee.

## Decision

[5] Langdon's sole argument is that the trial court abused its discretion when it imposed the second $50.00 supplemental public defender fee in the written sentencing order. Sentencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011). If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion. *Id.*

[6] We begin by noting that the three statutes listed on the Marion County sentencing order form do not support the imposition of the second supplemental public defender fee. Specifically, INDIANA CODE § 33-37-4-1(a) concerns the imposition of a $120 criminal costs fee; subsection (b) sets forth a list of criminal costs that do not include a supplemental public defender fee; and subsection (c) concerns a pretrial diversion program fee. INDIANA CODE § 33-37-4-4 concerns civil cost fees, and INDIANA CODE § 33-37-5-19 concern a $2.00 jury collection fee. The trial court identified no other statutory basis for imposing the public defender fees on Langdon.

[7]     There are three statutory provisions that directly address the imposition of public defender fees, and the trial court can order reimbursement under any or a combination thereof. *Jackson v. State*, 968 N.E.2d 328, 333 (Ind. Ct. App. 2012). The first statute, INDIANA CODE § 33-35-7-6(a), provides that the trial court may impose a supplemental public defender fee before completing the initial hearing. Pursuant to this statute, the trial court must determine whether the defendant is indigent. I.C. § 35-33-7-6(a). If the defendant is found to be indigent, public defender fees are $100 in felony cases and $50 in misdemeanor cases. I.C. § 35-33-7-6(c). As acknowledged by Langdon, this is the statutory provision that supported the trial court's imposition of the first $50.00 public defender fee. Because Langdon was charged with a misdemeanor, found to be indigent, and previously ordered to pay a $50.00 public defender fee, INDIANA CODE § 33-35-7-6 does not support the imposition of the second $50.00 supplemental public defender's fee.

[8]     The second statute, INDIANA CODE § 33-40-3-6, provides that if the trial court finds that the defendant has the ability to pay the costs of representation, the trial court shall impose reasonable attorney fees at any stage of a misdemeanor or felony prosecution. In such cases, the trial court must consider certain enumerated factors to determine the defendant's ability to pay. *Id.*; *See* I.C. § 33-40-3-7. Because the trial court did not find that Langdon had the ability to pay the costs of representation, this statutory provision also fails to support the imposition of the second $50.00 supplemental public defender's fee.

The third statute, INDIANA CODE § 33-37-2-3, provides that the trial court may impose part of the attorney fees upon a convicted person, provided the trial court first determines that such person is not indigent. I.C. § 33-37-2-3. In the latter case, the trial court may suspend payment of fees until completion of the executed portion of the defendant's sentence, holding a hearing to determine indigency thereafter. *Berry*, 950 N.E.2d at 802. This statute does not support the imposition of the second $50.00 supplemental public defender's fee because the trial court determined that Langdon was indigent.

Langdon is correct that none of these statutory provisions support the imposition of the second $50.00 fee. Accordingly, the trial court abused its discretion in imposing it. We, therefore, reverse the trial court's imposition of the second supplemental public defender fee and remand for the issuance of an amended sentencing order.[2]

Reversed and remanded.

Baker, J., and Mathias, J., concur.

---

[2] The State contends that the trial court had statutory authority to impose the second fee pursuant to INDIANA CODE 35-33-8-3.2(a)(2) and (b), which provide that if the trial court requires the defendant to deposit cash or cash and security bail, the court may require the defendant to execute an agreement that allows the court to retain all or part of the of the cash to pay publicly paid costs of representation if the defendant is convicted. This statute does not support the imposition of the second supplemental public defender fee in this case because the record on appeal does not reveal such a bail agreement. Furthermore, there is no evidence that the trial court retained part of Langdon's cash bail to pay the second fee.