## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 27 2017, 10:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron T. Coleman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 27, 2017<br><br>Court of Appeals Case No.<br>49A02-1704-CR-670<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Ronnie Huerta, Commissioner<br><br>Trial Court Cause No.<br>49G09-1511-F6-041287 |

**Mathias, Judge.**

[1]     Aaron Coleman ("Coleman") was assessed a $100 supplemental public defender fee after a probation violation hearing at which he was found indigent

to all outstanding balances. In this appeal, Coleman argues the trial court abused its discretion when it imposed the $100 fee.

We reverse and remand for the issuance of an amended sentencing order.

## Facts and Procedural History

Coleman was charged with one count of level 6 Felony theft on November 20, 2015. At the initial hearing held the same day, the trial found that Coleman was able to pay the cost of representation, and he was ordered to pay a $100 fee to the Supplemental Public Defender Service Fund. Coleman pleaded guilty and was sentenced on March 21, 2016. On January 20, 2017, the Marion Superior Court probation department sent the trial court a memorandum seeking clarification on whether to assess certain fees against Coleman. A hearing was set for March 8, 2017.

At the hearing, the trial court asked Coleman about his financial situation. After questioning Coleman, the trial court stated, "Alright, we'll find you indigent to any outstanding balances." Tr. pp. 36–37. However, the sentencing order[1] from the March 8 hearing shows that the court assessed a $100 "Supplemental Public Defender Fee." Appellants App. p. 19. Coleman now timely appeals the imposition of the $100 fee.

---

[1] The probation department filed a Notice of Probation Violation on March 7, 2017, therefore the March 8, 2017 hearing related to the probation violations and not the assessment of fees.

# Discussion and Decision

[5] Coleman's sole argument on appeal is that the trial court abused its discretion when it imposed the $100 supplemental public defender fee after finding Coleman indigent to any outstanding balances. Decisions to levy fines, costs, or fees are generally left to the trial court's discretion, and we will only reverse if we find an abuse. *Langdon v. State*, 71 N.E.3d 1162, 1163 (Ind. Ct. App. 2017). As long as the fees imposed fall within the parameters provided by statute, we will not find an abuse of discretion. *Id.*

[6] There are three Indiana statutes that directly address the imposition of public defender fees, and the trial court has the discretion to use any of the three or a combination thereof. Each of the three statutes require the trial court to make a specific finding of a defendant's ability to pay before assessing fees.[2] A trial court is not bound to the ability of a defendant to pay costs at a given time, but rather, "[t]he court may review the finding of indigency at any time during the proceedings." Ind. Code § 35-33-7-6(d).

[7] When Coleman was initially charged, the trial court made a finding as to his ability to pay when it originally assessed the $100 fee. Appellant's App. p. 37. However, at the March 8 hearing, the trial court explicitly found that Coleman

---

[2] *See* Ind. Code § 35-33-7-6(a) ("[T]he judicial officer shall determine whether a person who requests assigned counsel is indigent."); Ind. Code § 33-40-3-6(a) ("If at any stage of a prosecution for a felony or misdemeanor the court makes a finding of ability to pay the costs of the representation . . . the court shall require payment by the person."); Ind. Code § 33-37-2-3(a) ("[W]hen the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent.").

was indigent and stated that it would find Coleman "indigent to any outstanding balances." Tr. pp. 36–37. Therefore, it appears the trial court meant to exercise its authority under Indiana Code section 35-33-7-6(d) to remove the fee; however, the sentencing order does not accurately reflect this intention. *See Banks v. State*, 847 N.E.2d 1050, 1052 (Ind. Ct. App. 2006) (finding that the trial courts imposition of a public defender fee was in error because the defendant was found indigent), *trans. denied*. Thus, the trial court abused its discretion in assessing the fee in its sentencing order.[3]

[8]     We reverse the trial court's imposition of the supplemental public defender fee and remand for the issuance of an amended sentencing order.

Vaidik, C.J., and Crone, J., concur.

---

[3] The State contends that the appeal is moot because "[t]he trial court's order from March 8, 2017, under any logical reasoning, already relieves Defendant of all of his outstanding, court-imposed, previously imposed, monetary obligations." Appellee's Br. at 8. We agree with the State's reading of the trial court's order, but disagree that the issue is moot. The trial court's sentencing order assesses a $100 fee against Coleman. Removing this fee would obviate Coleman's obligation to pay. Therefore, the case is not moot; effective relief can be rendered to Coleman, and the concrete controversy at issue has yet to be settled. *Mosley v. State*, 908 N.E.2d 599, 603 (Ind. 2009).