## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 02 2017, 7:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimberley Kennebrew, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 2, 2017 <br><br> Court of Appeals Case No. 49A02-1701-CR-1 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy M. Jones, Judge <br><br> Trial Court Cause No. 46G08-1601-CM-2729 |

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Kimberley Kennebrew was convicted of two counts of Class A misdemeanor battery and the trial court entered judgment accordingly. In an amended judgment, the trial court merged the two convictions into one and, *inter alia*, imposed a $50 public defender fee. Kennebrew contends, and the State concedes, that the trial court abused its discretion in imposing the public defender fee. We reverse the trial court's order that Kennebrew pay a public defender fee and remand for further proceedings.

# Facts and Procedural History

[2] On January 21, 2016, the State of Indiana charged Kennebrew with two counts of Class A misdemeanor battery. The imposition of a public defender fee was apparently not discussed at the initial hearing. On December 12, 2016, a jury found Kennebrew guilty as charged, and the trial imposed a 365-day sentence and $183 in court costs. On December 15, 2016, on Kennebrew's motion, the trial court found Kennebrew indigent as to court costs and probation fees. Kennebrew filed her notice of appeal on January 4, 2017.

[3] On March 7, 2017, the trial court held a restitution hearing in Kennebrew's case. While the trial court did not order restitution, it did issue an amended sentencing order in which it merged Kennebrew's conviction on Count II into her conviction on Count I. At the restitution hearing, the subject of imposing a public defender fee was not raised by either of the parties or the trial court.

However, the trial court's amended sentencing order shows that a $50 public defender fee was now listed among Kennebrew's obligations. On March 23, 2017, Kennebrew filed a motion with this court asking to incorporate the March 7, 2017, proceedings into the record on appeal, which motion was granted on March 29, 2017.[1]

## Discussion and Decision

[4]  Kennebrew contends, and the State concedes, that the trial court abused its discretion in imposing a $50 public defender fee as part of her sentence. A trial court's decision to impose fees as part of a criminal defendant's sentence is reviewable for an abuse of discretion. *Jackson v. State*, 968 N.E.2d 328, 333 (Ind. Ct. App. 2012) (citing *Kimbrough v. State,* 911 N.E.2d 621, 636 (Ind. Ct. App. 2009)). When a trial court imposes a fee authorized by statute, no abuse of discretion will be found. *Jackson*, 968 N.E.2d at 333. There are three statutes under which a trial court may impose a public defender fee. *See Langdon v. State*, 71 N.E.3d 1162, 1164 (Ind. Ct. App. 2017). Indiana Code section 33-35-7-6(a) permits a trial court to issue a public defender before the completion of the initial hearing coupled with a determination of whether the defendant is indigent. If found indigent, the fee is $100 for felony representation and $50 for misdemeanor representation. *Id*. Indiana Code section 33-40-3-6 permits a trial

---

[1] On July 7, 2017, the State filed a motion to dismiss Kennebrew's appeal, which motion Kennebrew opposed and our motions panel held in abeyance. In an order issued the same day as this memorandum decision, we deny the State's motion to dismiss as moot.

court, upon a finding that a defendant can pay the costs of representation, to impose reasonable attorney fees. Finally, Indiana Code Section 33-37-2-3 permits a trial court to impose a public defender fee upon a convicted defendant if the defendant is not found indigent. *See Langdon*, 71 N.E.3d at 1164.

[5] There is no dispute that the trial court's imposition of the public defender fee without a hearing constitutes an abuse of discretion. The only question before us is the one of the appropriate remedy, with Kennebrew requesting that we simply vacate the fee, and the State requesting that we remand the case for further proceedings. Because the issue of a public defender fee did not arise in the trial court, there is, quite simply, no way to know if such a fee can be justified on the record before us. In a similar case, we concluded that the proper remedy was to "remand to the trial court with instructions to observe the statutory requirements if it intends to impose public defender fees." *Jackson*, 968 N.E.2d at 334. We see no reason to deviate from that approach in this case. We remand for further proceedings consistent with our holding in *Jackson*.

[6] The judgment of the trial court is reversed in part and remanded with instructions.

May, J., and Barnes, J., concur.