# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 03 2020, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Love Barefield,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 3, 2020<br><br>Court of Appeals Case No.<br>20A-CR-32<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Grant Hawkins, Judge<br><br>Trial Court Cause No.<br>49G05-1807-F6-23881 |

**May, Judge.**

Love Barefield argues the trial court abused its discretion when it ordered him to pay a $100 public defender fee following his convictions of Level 6 felony obstruction of justice[1] and Class B misdemeanor public nudity.[2] We affirm.

## Facts and Procedural History

On July 18, 2018, Barefield stood behind a female patron in the checkout line at an Indianapolis Wal-Mart. The woman felt something brush against her buttocks, and she turned around to investigate. She looked down and saw Barefield holding his exposed penis, which was sticking out of a hole near the pocket area of his sweatpants. She yelled to get the attention of Wal-Mart employees, and Barefield quickly walked toward the rear of the store. A Wal-Mart employee followed Barefield. A second Wal-Mart employee went outside of the store and alerted Officer John Reichle, an off-duty Indianapolis Metropolitan Police Department ("IMPD") officer working security at the Wal-Mart, that there was a man inside the store exposing himself. The employees directed Officer Reichle to Barefield, and Officer Reichle detained him. Officer Reichle asked for a sex crimes detective to be sent to the scene, and IMPD Detective Michelle Floyd responded.

---

[1] Ind. Code § 35-44.1-2-2.

[2] Ind. Code § 35-45-4-1.5.

[3] A short while later, Officer Reichle transported Barefield to a police station and put him in an interview room. Detective Floyd monitored Barefield in the interview room using video surveillance. She applied for and received a search warrant for Barefield's pants. Detective Floyd then told Barefield that she had received a search warrant for his pants and that an evidence technician was going to photograph and collect the sweatpants. Once Detective Floyd left the interview room, Barefield started ripping his pants. An officer then entered the room and collected the pants from Barefield.

[4] On July 23, 2018, the State charged Barefield with Level 6 felony obstruction of justice, Class B misdemeanor public nudity, Class A misdemeanor public indecency[3] and Class B misdemeanor battery.[4] Barefield requested the appointment of counsel. In his petition, Barefield indicated that he did not receive any public assistance, was employed, and made $446.00 a week. He also indicated that he did not own his own home, nor did he have a savings or checking account. On August 22, 2018, the court issued an order, stating:

> Based on the foregoing Petition for Appointment of Counsel and on a thorough examination of defendant's total financial picture and the nature of the criminal charges, the Court finds and orders: This petition is **GRANTED**, as the Court finds that the defendant is currently indigent. An attorney shall be appointed

---

[3] Ind. Code § 35-45-4-1.

[4] Ind. Code § 35-42-2-1.

to represent the defendant as follows: Public Defender fee of
$100.

(App. Vol. II at 36) (emphasis in original). The court held a bench trial on
November 26, 2019. At the conclusion of trial, the court found Barefield guilty
of obstruction of justice and public nudity. The court found Barefield not guilty
of battery and public indecency. On December 6, 2019, the court sentenced
Barefield to concurrent terms of two years for the obstruction of justice count
and 180 days for the public indecency count. After pronouncing the sentence,
the judge stated, "No fines or costs. He's indigent." (Tr. Vol. II at 64.) The
court awarded Barefield credit for 341 days spent in pretrial incarceration and
ordered him to serve the remainder of his sentence in the Marion County Jail.

# Discussion and Decision

[5] Sentencing decisions, including those imposing costs or fees, are generally left
to the sound discretion of the trial court. *Cleveland v. State*, 129 N.E.3d 227, 237
(Ind. Ct. App. 2019), *trans. denied*. We review such decisions for an abuse of
discretion, and we will reverse only if the decision "is clearly against the logic
and effect of the facts and circumstances before it." *Id*. "If the fees imposed by
the trial court fall within the parameters provided by statute, we will not find an
abuse of discretion." *Langdon v. State*, 71 N.E.3d 1162, 1163 (Ind. Ct. App.
2017).

[6]     Barefield argues the trial court abused its discretion when it ordered him to pay a $100 public defender fee without making a specific finding that Barefield could pay such a fee.  Indiana Code section 35-33-7-6 (2004)[5] states:

> (a) Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent.  If the person is found to be indigent, the judicial officer shall assign counsel to the person.
>
> * * * * *
>
> (c) If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:
>
>> (1) For a felony action, a fee of one hundred dollars ($100).

Barefield notes that in *Banks v. State*, we held the trial court abused its discretion in imposing a $200 public defender fee without finding the defendant had the ability to pay the fee.  847 N.E.2d 1050, 1051 (Ind. Ct. App. 2006), *trans. denied*. We stated that "[u]nder Ind. Code § 35-33-7-6 and Ind. Code § 33-9-11.5-6, a court must explicitly find a defendant can pay the fees imposed.  We are directed to no such finding in the record."  *Id*. at 1052.

---

[5] This statute was amended effective July 1, 2020.

[7] However, Barefield's case differs from *Banks* in two respects. First, Indiana Code section 33-9-11.5-6 has since been repealed, and therefore, the statute is not applicable to this case. P.L. 98-2004, Sec. 164. Second, unlike the trial court in *Banks*, the record here indicates the trial court determined Barefield had the ability to pay the public defender fee. In Barefield's petition seeking appointment of counsel, he indicated he received $446.00 a week in income. The court thoroughly reviewed Barefield's petition and made its decision after considering Barefield's "total financial picture and the nature of the criminal charges." (App. Vol. II at 36.) While Barefield was indigent, he possessed some income that could be used to partially offset the cost of his representation. Therefore, we cannot say the trial court abused its discretion when it ordered Barefield to pay a $100 public defender fee. *See Cleveland*, 129 N.E.3d at 238 (holding trial court took necessary steps to determine defendant's ability to pay public defender fee by asking about defendant's employment, working hours, financial status, and custody arrangements).

## Conclusion

[8] The trial court did not abuse its discretion when it ordered Barefield to pay a $100 public defender fee because the court evaluated Barefield's financial status, income, and other factors before imposing the fee. Accordingly, we affirm.

[9] Affirmed.

Robb, J., and Vaidik, J., concur.